**Fill in this information to identify the case:**

Debtor 1    Charles Franklin Estes, Jr.

Debtor 2    Lynne Ann Estes
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of Illinois

Case number    3:19-bk-71120

Official Form 410S1

# Notice of Mortgage Payment Change    12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust, N.A., as Trustee of Tiki Series III Trust

**Court claim no.** (if known): 8-1

**Last 4 digits** of any number you use to identify the debtor's account: 3 3 5 2

**Date of payment change:**
Must be at least 21 days after date of this notice    08/01/2020

**New total payment:**
Principal, interest, and escrow, if any    $ 1,433.91

## Part 1: Escrow Account Payment Adjustment

1. **Will there be a change in the debtor's escrow account payment?**

   ☐ No
   ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ 619.35    New escrow payment: $ 631.48

## Part 2: Mortgage Payment Adjustment

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☒ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: _____%    New interest rate: _____%

   Current principal and interest payment: $ _____    New principal and interest payment: $ _____

## Part 3: Other Payment Change

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☒ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (*Court approval may be required before the payment change can take effect*.)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

Debtor 1 <u>Charles Franklin Estes, Jr.</u>   Case number (*if known*) <u>3:19-bk-71120</u>
    First Name   Middle Name   Last Name

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.
☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/ Michelle R. Ghidotti-Gonsalves, Esq.     Date 07/07/2020
Signature

Print:   Michelle R. Ghidotti-Gonsalves, Esq.     Title  Agent for Secured Creditor
    First Name   Middle Name   Last Name

Company   Ghidotti Berger, LLP

Address   1920 Old Tustin Avenue
    Number   Street

    Santa Ana    CA    92705
    City    State    ZIP Code

Contact phone  949-427-2010     Email  bknotifications@ghidottigberger.com

*CASE NO.: 3:19-bk-71120*

# CERTIFICATE OF SERVICE

On July 7, 2020, I served the foregoing document described as *Notice of Mortgage Payment Change* on the following individuals by electronic means through the Court's ECF program:

**DEBTOR(S) COUNSEL(S)**

Monroe D McWard           bkclerk@mcwardlaw.com,  mdmcward@mcwardlaw.com, jvoyles@mcwardlaw.com, r42212@notify.bestcase.com

**TRUSTEE/TRUSTEE(S) COUNSEL(S)**

Marsha L Combs-Skinner    Trusteecs@Danville13.com, marsha@Ch13CDIL.com, marsha@danville13.com, marsha@ch13cdil.com, mcombs-skinner@ECF.epiqsystems.com

U.S. Trustee              USTPRegion10.PE.ECF@usdoj.gov

On July 7, 2020, I served the foregoing documents described as *Notice of Mortgage Payment Change* on the following individuals by depositing true copies thereof in the United States mail at North Miami Beach, FL enclosed in a sealed envelope, with postage paid, addressed as follows:

*Debtor*
**Charles Franklin Estes, Jr.**
25971 N CR 2500 E
Manito, IL 61546

*Joint Debtor*
**Lynne Ann Estes**
25971 N CR 2500 E
Manito, IL 61546

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Ricardo Becker
Ricardo Becker

# BSI Financial Services

**Annual Escrow Account Disclosure Statement**

314 S. Franklin Street, 2nd Floor
P.O. Box 517
Titusville, PA 16354
1-800-327-7861
https://myloanweb.com/BSI

ACCOUNT NUMBER: ▇▇▇▇▇▇▇

004

DATE: 06/25/20

LYNNE A ESTES
CHUCK F ESTES JR
25971 N COUNTY ROAD 2500 E
MANITO, IL 61546

PROPERTY ADDRESS

25971 N COUNTY ROAD 2500 E
MANITO, IL 61546

PLEASE REVIEW THIS STATEMENT CLOSELY - YOUR MORTGAGE PAYMENT MAY BE AFFECTED. THIS STATEMENT TELLS YOU OF ANY CHANGES IN YOUR MORTGAGE PAYMENT, ANY SURPLUS REFUNDS, OR ANY SHORTAGE YOU MUST PAY. IT ALSO SHOWS YOU THE ANTICIPATED ESCROW ACTIVITY FOR YOUR ESCROW CYCLE BEGINNING 08/01/2020 THROUGH 07/31/2021.

**-------- ANTICIPATED PAYMENTS FROM ESCROW 08/01/2020 TO 07/31/2021 ---------**

| | |
|---|---|
| HOMEOWNERS INS | $1,795.00 |
| COUNTY TAX | $5,782.84 |
| TOTAL PAYMENTS FROM ESCROW | $7,577.84 |
| MONTHLY PAYMENT TO ESCROW | $631.48 |

**------ ANTICIPATED ESCROW ACTIVITY 08/01/2020 TO 07/31/2021 ---------**

| MONTH | ANTICIPATED PAYMENTS TO ESCROW | ANTICIPATED PAYMENTS FROM ESCROW | DESCRIPTION | ESCROW BALANCE ANTICIPATED | ESCROW BALANCE REQUIRED |
|---|---|---|---|---|---|
| | | | STARTING BALANCE --> | $4,911.11 | $2,273.96 |
| AUG | $631.48 | | | $5,542.59 | $2,905.44 |
| SEP | $631.48 | $2,905.44 | COUNTY TAX | L1-> $3,268.63 | L2-> $631.48 |
| OCT | $631.48 | | | $3,900.11 | $1,262.96 |
| NOV | $631.48 | | | $4,531.59 | $1,894.44 |
| DEC | $631.48 | | | $5,163.07 | $2,525.92 |
| JAN | $631.48 | | | $5,794.55 | $3,157.40 |
| FEB | $631.48 | | | $6,426.03 | $3,788.88 |
| MAR | $631.48 | | | $7,057.51 | $4,420.36 |
| APR | $631.48 | | | $7,688.99 | $5,051.84 |
| MAY | $631.48 | $1,795.00 | HOMEOWNERS INS | $6,525.47 | $3,888.32 |
| JUN | $631.48 | $2,877.40 | COUNTY TAX | $4,279.55 | $1,642.40 |
| JUL | $631.48 | | | $4,911.03 | $2,273.88 |

**--------- DETERMINING THE SUFFICIENCY OF YOUR ESCROW BALANCE --------**

IF THE ANTICIPATED LOW POINT BALANCE (L1) IS GREATER THAN THE REQUIRED BALANCE (L2), THEN YOU HAVE AN ESCROW SURPLUS.  **YOUR ESCROW SURPLUS IS $2,637.15.**

**CALCULATION OF YOUR NEW PAYMENT**

| | |
|---|---|
| PRIN & INTEREST | $802.43 |
| ESCROW PAYMENT | $631.48 |
| **NEW PAYMENT EFFECTIVE 08/01/2020** | **$1,433.91** |

YOUR ESCROW CUSHION FOR THIS CYCLE IS $631.48.

********** Continued on reverse side ************



Our records indicate that you have filed for Bankruptcy protection.  As a result of your Bankruptcy filing, escrow account deficiencies prior to your filing date have been removed from calculation of your analysis, and they are now reflected as amounts due within your pre-petition arrearage. This Escrow Analysis Statement was prepared under the assumption that all escrow payments have been made in the amount required each month. The surplus funds indicated above are not an accurate reflection of your escrow account because no surplus funds will exist until all amounts are received towards your pre-petition arrearage.

********** Continued from front **********

## ACCOUNT HISTORY

THIS HISTORY STATEMENT COMPARES YOUR PRIOR ANALYSIS CYCLE PROJECTED ESCROW ACTIVITY TO THE ACTUAL ESCROW ACTIVITY BEGINNING 08/01/2019 AND ENDING 07/31/2020. IF YOUR LOAN WAS PAID-OFF, ASSUMED OR TRANSFERRED DURING THIS PRIOR CYCLE, OR THE COMPUTATION YEAR IS BEGING CHANGED, ACTUAL ACTIVITY STOPS AT THAT POINT. THIS STATEMENT IS INFORMATION ONLY AND REQUIRES NO ACTION ON YOUR PART.

YOUR PAYMENT BREAKDOWN AS OF 08/01/2019 IS:

```
PRIN & INTEREST                                      $802.43
ESCROW PAYMENT                                       $619.35
BORROWER PAYMENT                                   $1,421.78
```

| MONTH | PAYMENTS TO ESCROW | | PAYMENTS FROM ESCROW | | ESCROW BALANCE | | |
|---|---|---|---|---|---|---|---|
| | PRIOR PROJECTED | ACTUAL | PRIOR PROJECTED | ACTUAL | DESCRIPTION | PRIOR PROJECTED | ACTUAL |
| | | | | | STARTING BALANCE | $2,247.48 | $1,754.47- |
| AUG | $619.35 | $0.00 * | | $2,905.44 * | COUNTY TAX | $2,866.83   A-> | $4,659.91- |
| SEP | $619.35 | $0.00 * | $2,866.83 | | COUNTY TAX   T-> | $619.35 | $4,659.91- |
| OCT | $619.35 | $0.00 * | | | | $1,238.70 | $4,659.91- |
| NOV | $619.35 | $1,889.04 * | | | | $1,858.05 | $2,770.87- |
| DEC | $619.35 | $629.68 * | | | | $2,477.40 | $2,141.19- |
| JAN | $619.35 | $629.68 * | | | | $3,096.75 | $1,511.51- |
| FEB | $619.35 | $610.47 * | | | | $3,716.10 | $901.04- |
| MAR | $619.35 | $1,220.94 * | | | | $4,335.45 | $319.90 |
| APR | $619.35 | $0.00 * | | | | $4,954.80 | $319.90 |
| MAY | $619.35 | $1,220.94 * | $1,660.00 | | HOMEOWNERS INS | $3,914.15 | $3,131.56- |
| MAY | | | | $1,795.00 * | HOMEOWNERS INS | | |
| MAY | | | | $2,877.40 | COUNTY TAX | | |
| JUN | $619.35 | $610.47 * | $2,905.44 | | COUNTY TAX | $1,628.06 | $2,521.09- |
| JUL | $619.35 | $0.00 | | | | $2,247.41 | $2,521.09- |
| | $7,432.20 | $6,811.22 | $7,432.27 | $7,577.84 | | | |

UNDER FEDERAL LAW, WHEN YOUR ACTUAL ESCROW BALANCE REACHED THE LOWEST POINT, THAT BALANCE WAS TARGETED NOT TO EXCEED 1/6TH OF THE ANNUAL PROJECTED DISBURSEMENTS. YOUR LOAN DOCUMENTS OR STATE LAW MAY SPECIFY THAT YOUR LOWEST BALANCE MUST BE A LOWER AMOUNT THAN THE FEDERAL LAW ALLOWS.

UNDER YOUR MORTGAGE CONTRACT OR STATE OR FEDERAL LAW, YOUR TARGETED LOW POINT BALANCE (T) WAS $619.35. YOUR ACTUAL LOW POINT ESCROW BALANCE (A) WAS $4,659.91-.

BY COMPARING THE ANTICIPATED ESCROW TRANSACTIONS WITH THE ACTUAL TRANSACTIONS YOU CAN DETERMINE WHERE A DIFFERENCE MAY HAVE OCCURRED. AN ASTERISK (*) INDICATES A DIFFERENCE IN EITHER THE AMOUNT OR DATE OF THE PROJECTED ACTIVITY THAT HAS NOT YET OCCURRED DUE TO THE DATE OF THIS STATEMENT.

IF THERE ARE NO PRIOR PAYMENTS TO OR FROM ESCROW SHOWN, THERE WAS NO PRIOR PROJECTION TO WHICH THE ACTUAL ACTIVITY COULD BE COMPARED.

## Determining your Shortage or Surplus
**Shortage**:
Any shortage in your escrow account is usually caused by one the following items:
- An increase, if any, in what was paid for insurance and/or taxes from your escrow account.
- A projected increase in taxes for the upcoming year.
- The number of months elapsed from the time of these disbursements to the new payment effective date.

Shortages are divided evenly of the next twelve months. To reduce the increase in your monthly payment, the shortage can be paid either partially or in full.

**Surplus**:
A surplus in your escrow account is usually caused by one the following items:
- The insurance/taxes paid during the past year were lower than projected.
- A refund was received from the taxing authority or insurance carrier.
- Additional funds were applied to your escrow account.

If your surplus is $50.00 or greater and your loan was contractually current at the time when the analysis was run or calculated, a check will be sent to you. If your surplus is less than $50.00, the funds will be retained in your escrow account.

Licensed as Servis One, Inc. dba BSI Financial Services BSI Financial Services BSI NMLS# 38078.
Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).

If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.